**Collette W. NEWMAN, individually and on behalf of Beatrice L. Wallace, Plaintiff,**

v.

**FIRST ATLANTIC RESOURCES CORPORATION; Global Asset Management, Inc .; George P. Lukawski; and Mark L. Modist, Defendants.**

**No. 1:01CV00403.**

United States District Court, M.D. North Carolina.

Aug. 31, 2001.

David Coventry Smith, John B. Morris, Kilpatrick Stockton, L.L.P., Winston-Salem, NC, for plaintiff.

H.M. Whitesides, Jr., Whitesides & Walker, L.L.P., Charlotte, NC, R. Lawrence Bonner, Homer Bonner and Delgado, P.A., Miami, FL, for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on a motion to compel arbitration and dismiss or in the alternative to transfer venue by Defendants First Atlantic Resources Corporation ("First Atlantic"), Global Asset Management, Inc. ("Global"), George P. Lukawski, and Mark L. Modist (collectively "Defendants"). The court must also consider a motion by First Atlantic and Lukawski to stay proceedings in this court until completion of Plaintiff's arbitration

with Global and Modist. Plaintiff Collette W. Newman, a North Carolina resident, individually and on behalf of Beatrice L. Wallace, brought an action against Defendants, Florida residents, in the General Court of Justice in Forsyth County, North Carolina, alleging fraud, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, unfair and deceptive trade practices, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and civil conspiracy. Defendants properly removed the case to this court on the basis of diversity jurisdiction. Defendants argue that all of Plaintiff's claims must be arbitrated or, in the alternative, venue should be transferred to Miami–Dade County, Florida. For the following reasons, Defendants' motion to compel arbitration or transfer venue will be denied as to First Atlantic and Lukawski. Plaintiff's claims against Global and Modist will be dismissed, and First Atlantic and Lukawski's motion to stay will be denied.

## FACTS

Defendants First Atlantic and Global are precious metal brokers. Defendants Lukawski and Modist are the presidents of First Atlantic and Global, respectively. Newman learned of First Atlantic through a radio advertisement on a Winston–Salem radio station. After calling First Atlantic, Newman received and executed documents in North Carolina to establish a customer account with First Atlantic. This documentation did not include any mention of Global. Shortly after returning the signed documents to First Atlantic, Newman received documents from Global. Plaintiff and Global entered into a commodities trading agreement (the "Agreement") whereby Global acted as a clearing broker and financier for Newman's purchases. The Agreement contains an arbitration provision and a choice-of-law and venue provision designating Miami–Dade County, Florida, as the location for arbitration.

First Atlantic acted as an introducing broker on behalf of Newman, directly providing investment advice and taking her orders to buy and sell precious metals. Plaintiff would communicate orders to First Atlantic and First Atlantic would convey these orders to Global. Global would execute the orders to buy or sell, finance parts of trades made on credit, store the purchased precious metals, and provide Newman with monthly account statements. Through their dealings with First Atlantic and Global, Newman and her mother Wallace lost over $160,000.00.

## DISCUSSION

Plaintiff and Defendants are citizens of different states and their interactions fall under the broad construction of the phrase "involving commerce" under Section 2 of the Federal Arbitration Act ("FAA"). *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Under the FAA, enacted in 1925, a court must stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The FAA establishes that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). A party's request for arbitration should not be denied " 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'' *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.,* 867 F.2d 809, 812 (4th Cir. 1989) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363

U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).

█ Arbitration is a matter of contract, however, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Warrior & Gulf,* 363 U.S. at 582, 80 S.Ct. 1347; *see also O'Neil v. Hilton Head Hosp.,* 115 F.3d 272 (4th Cir.1997) (finding sufficient consideration when both parties agree to arbitrate claims). "Whether a party has agreed to arbitrate an issue is a matter of contract interpretation." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d 88, 92 (4th Cir.1996).

█ Plaintiff concedes that she must arbitrate her claims against Global and Modist based on the arbitration clause in her contract with Global. The arbitration clause provides:

> The parties agree that any disputes relating to this Agreement will be submitted to binding arbitration. The venue for any such arbitration shall be exclusive in the State of Florida and all parties agree that any arbitration award entered shall be binding and convertible to a State of Florida judgment subject to the laws of the State of Florida and further subject to any modifications thereof permissible thereunder. The parties hereby accordingly waive their right to any other remedy or to proceed with any court action and further hereby waive jurisdiction and venue other than as set forth in this Agreement.

(Pl.'s Mem. in Opp'n to Defs.' Mot. to Compel Arbitration, Ex. 4 § X). Despite her concession, Plaintiff argues that the forum-selection provisions in the Agreement are invalid. In addition to the forum-selection provision in the arbitration clause quoted above, the "Governing Law and Venue" section of the Agreement provides:

> This Agreement and the activities contemplated hereunder shall be governed by the substantive and procedural laws of Dade County, the State of Florida without respect to Florida conflict of law, rules and venue of any dispute resolution shall likewise be in Dade County, State of Florida without respect to Florida conflict of law rules.

(*Id.* at § XIII, part B). Plaintiff also argues that the arbitration clause in her contract with Global does not compel arbitration of her claims against First Atlantic and Lukawski.

Defendants contend that the language of the arbitration clause, specifically the phrase "any disputes relating to this Agreement will be submitted to binding arbitration," dictates that Plaintiff's claims against First Atlantic and Lukawski must also be arbitrated. (*Id.* at § X). Defendants argue that First Atlantic and Lukawski are entitled to the protection of the arbitration clause even though they were non-signatories to the contract because Plaintiff's claims against them "arise in connection with their activities as agents, affiliates and officers of Global." (Defs.' Mot. to Compel Arbitration at 5). Not only do Defendants present no evidence of such a relationship, but this argument also contradicts the plain language of the agreement between Plaintiff and Global which specifically states that First Atlantic is *Plaintiff's* "broker/agent of record and legal representative." (Pl.'s Mem. in Opp'n to Defs.' Mot. to Compel Arbitration Ex. 4). First Atlantic was to act as Plaintiff's "agent in connection with the transactions with Global." Further, Global disavowed any representations regarding First Atlantic and disclaimed any liability for First Atlantic's actions. Global specifically notes that "[Global], its officers and employees, are not affiliated with, nor en-

**590**

dorse, any precious metals dealer or broker." *Id.*

 In a similar situation, the Fourth Circuit concluded that an introducing broker could not invoke an arbitration agreement between a customer and a clearing broker. *Arrants v. Buck,* 130 F.3d 636 (4th Cir.1997). The court noted that "[f]or the most part federal courts have rejected attempts by introducing brokers to invoke arbitration clauses in agreements between their customers and clearing brokers." *Id.* at 640–41 (collecting cases). Two situations were recognized by the court as exceptions to this general approach. *Id.* at 641. First, an introducing broker can invoke an arbitration clause in an agreement between its customer and a clearing broker if the introducing broker is an agent of the clearing broker. *Id.* As previously discussed, that is not the situation in this case despite Defendants' argument to the contrary. Second, an introducing broker can invoke an arbitration clause in an agreement between its customer and a clearing broker if the introducing broker is a third-party beneficiary of the agreement. *Id.* Defendants do not argue that First Atlantic or Lukawski was a third-party beneficiary of the Agreement, and there is no evidence of such a relationship. The Fourth Circuit recognized that many courts have found that "the introducing broker has third-party beneficiary status only where a specific provision in the customer-clearing broker agreement makes the arbitration clause applicable to the introducing broker." *Id.* Thus neither exception applies in the instant case.

Defendants attempt to distinguish the arbitration clause in this case from that in *Arrants.* Although the language in the instant arbitration clause is broader than the one at issue in *Arrants* by virtue of the phrase "any disputes relating to this Agreement," this does not impact the conclusion of the *Arrants* court. The arbitration clause in the Agreement, as the one in *Arrants,* does not indicate that it was meant to cover the introducing broker. First Atlantic's relationship to this contract is insufficient to invoke the arbitration clause in the agreement between Plaintiff and Global.

Plaintiff executed a separate document regarding her relationship with First Atlantic. This agreement does not contain an arbitration or a forum-selection clause. There is no indication that obligatory arbitration between Plaintiff and First Atlantic was contemplated by either party. If First Atlantic wanted a right to arbitrate, it should have included such a clause in the contract. Accordingly, Defendants' motion to compel arbitration between Plaintiff and First Atlantic and Lukawski will be denied.

 Defendants also argue that the forum-selection clause in Plaintiff's agreement with Global in addition to the language contained in the arbitration clause requires that both Plaintiff's federal court action against First Atlantic and Lukawski and Plaintiff's arbitration with Global and Modist should be transferred to Miami–Dade County, Florida. Plaintiff's contract with First Atlantic does not include a forum-selection clause. Plaintiff has not agreed to bring her claims against First Atlantic and Lukawski in Miami–Dade County, Florida, or any other specific forum. Therefore, the court must determine if the Middle District of North Carolina is the proper venue for this action. A "substantial part of the events or omissions giving rise to [Plaintiff's] claim[s]" occurred in the Middle District of North Carolina. 28 U.S.C. § 1391. First Atlantic solicited Newman's business in Winston–Salem, North Carolina. Contractual documents were sent to Newman at her home in Winston–Salem, North Carolina.

Newman signed the documents in Winston–Salem. Accordingly, this district is a proper venue for Plaintiff's claims.

Defendants' argument to transfer relies solely on the forum-selection provisions in Plaintiff's Agreement with Global and Modist. The court has already found the terms of the Agreement inapplicable as to Defendants First Atlantic and Lukawski. Defendants do not suggest any other reason that this action should be transferred. Consequently, Defendants' motion to transfer Plaintiff's action against First Atlantic and Lukawski will be denied.

Global and Modist, however, have a forum-selection clause in their Agreement with Plaintiff. Plaintiff contends that the court cannot order arbitration with Global and Modist to proceed in another district under Section 4 of the FAA. Section 4 states that an ordered arbitration "shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. Plaintiff also argues that the forum-selection clause in this case is invalid. First, Plaintiff contends that North Carolina General Statutes ("NCGS") Section 22B–3 prohibits the transfer of the arbitration because it voids any forum-selection clause in a North Carolina contract dictating that a forum other than one in North Carolina is exclusive. Second, Plaintiff argues that the forum-selection clause is not enforceable because Global's superior bargaining power would render enforcement of the clause unjust. If Plaintiff is correct, then Plaintiff's dispute with Global and Modist, which Plaintiff concedes is arbitrable, would be arbitrated in this district.

According to the Fourth Circuit, forum-selection clauses are unreasonable if:

(1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), and *M/S BREMEN v. Zapata Off–Shore Co.*, 407 U.S. 1, 12–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Plaintiff does not claim that the forum-selection clause was the product of fraud or over-reaching, nor does she allege that Florida law will deprive her of a remedy. Instead, Plaintiff contends that enforcement of the forum-selection clause would be against North Carolina public policy and would effectively deprive her of her day in court.

Enacted in 1993, NCGS § 22B–3 provides that "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." Although the North Carolina Supreme Court has not yet had occasion to interpret this statute, prior to the enactment of NCGS § 22B–3, the North Carolina Supreme Court had held that forum-selection clauses mandating resolution of disputes outside of North Carolina were valid. *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 141, 423 S.E.2d 780, 781 (1992).

Defendants rely on *Perkins* and other North Carolina cases that rest on this pre-enactment interpretation of forum-selection clauses. Defendants correctly note that Plaintiff does not point to any case law to support her argument that NCGS

§ 22B–3 invalidates the Agreement's forum-selection provisions. This is because the case law interpreting or applying NCGS § 22B–3 is sparse. The sole case the court could find is *L.C. Williams Oil Co. v. NAFCO Capital Corp.*, 130 N.C.App. 286, 502 S.E.2d 415 (1998). *L.C. Williams Oil* cited NCGS § 22B–3 as determinative regarding a disputed forum-selection clause requiring that claims be brought in New York. *Id.* at 288, 502 S.E.2d at 417. The court found the forum-selection clause valid, however, because it fell under an exception to the statute. *Id.* at 292, 502 S.E.2d at 419.

NCGS § 22B–3 would apply to the forum-selection provisions in question. Enactment of a statute is a clear indication of North Carolina's strong public policy against forum-selection clauses requiring out-of-state resolution of disputes. Plaintiff's dispute with Defendants arises from a contract entered into in North Carolina and requires arbitration in Miami–Dade County, Florida, and application of Florida law. The clear language of the statute would nullify the forum-selection clauses in the parties' contract.

 Although neither party has raised the question, the court must consider the issue of preemption. "[T]he Supremacy Clause mandates that federal law supersedes state law that either directly or by implication conflicts with federal law. Such a conflict arises when 'the state law stands as an obstacle to the accomplishment of the full purposes and objectives of the relevant federal law.'" *Brinn v. Tidewater Transp. Dist. Comm'n*, 242 F.3d 227, 233 (4th Cir.2001) (quoting *National Home Equity Mortgage Ass'n v. Face*, 239 F.3d 633, 637 (4th Cir.), *petition for cert. filed*, (June 7, 2001) (No. 00–1851)) (internal citations omitted). When state law conflicts with federal law, whether explicitly or by hindering the purposes and objec-

tives of Congress, the state law is preempted. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 477, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

Because NCGS § 22B–3 would nullify the forum-selection provisions in Plaintiff's contract with Global and Modist, it may conflict with Section 2 of the FAA which provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Section 4 of the FAA also provides that parties who agree to arbitrate may be compelled to "proceed with the arbitration in accordance with the terms thereof." The First Circuit has addressed this issue in relation to a Rhode Island statute that voided out-of-state venue provisions in franchise agreements. *KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 49 (1st Cir.1999). The *KKW Enterprises* court found that because the Rhode Island statute applied only to one type of provision, venue clauses, and one type of agreement, franchise agreements, when applied to arbitration agreements it was preempted by Section 2 of the FAA. *Id.* at 51.

 Although the statute in question explicitly applies to all contracts, it applies to one type of provision only, forum-selection provisions. This distinction does not alter the reasoning of the *KKW Enterprises* court. Essentially, the language of Section 2 of the FAA, which provides that an agreement to arbitrate is enforceable except when "grounds as exist at law or in equity for the revocation of any contract," refers to general contract defenses such as fraud, coercion, lack of consideration, and no meeting of the minds. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). The Supreme Court has stated that under

Section 2 of the FAA the broad principle of enforceability is not subject to any additional limitations under state law. *Southland Corp. v. Keating,* 465 U.S. 1, 11, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Although the Fourth Circuit has yet to address whether the FAA preempts a state statute forbidding out-of-state venue provisions,[1] other circuits have reached this conclusion or indicated agreement with this approach. *See Doctor's Assocs., Inc. v. Hamilton,* 150 F.3d 157, 163 (2d Cir.1998); *Management Recruiters Int'l, Inc. v. Bloor,* 129 F.3d 851, 856 (6th Cir.1997). The court agrees with the First Circuit that "[c]ourts may not rewrite the parties' agreements and compel arbitration of their dispute in a forum which is not one of those enumerated in an arbitration agreement's forum-selection clause." *KKW Enters.,* 184 F.3d at 52. Accordingly, NCGS § 22B–3 is preempted by the FAA and does not render the forum-selection provisions invalid.

■ Plaintiff also argues that arbitration in Florida is unfair and would effectively deprive her of her day in court. Plaintiff contends that Global had superior bargaining power over her. Even if true, this assertion is insufficient to render the forum-selection clause invalid. *See Carnival Cruise Lines,* 499 U.S. at 593–95, 111 S.Ct. 1522; *Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp.,* 696 F.2d 315, 318 (4th Cir.1982). Plaintiff further asserts that she has modest resources, and that pursuing her claim in Florida would be cost prohibitive. Plaintiff's evidence of inconvenience cannot "overcome the 'counterweight' of the parties' private expression of their venue preferences." *Creditors Collection Bureau, Inc. v. Access Data, Inc.,* 820 F.Supp. 311, 313 (W.D.Ky.1993). The convenience of

the witnesses in this action is no less impaired by arbitration in Florida than it would be in North Carolina. Newman is the only witness who lives in North Carolina, while her mother Wallace lives in Florida, as does Modist. Furthermore, relevant documents would presumably be in Florida since Global is a Florida corporation.

Because the FAA preempts NCGS § 22B–3 and unfairness does not result from compliance with the forum-selection clause, arbitration of Plaintiff's claims against Global and Modist must be held in Miami–Dade County, Florida. This court cannot compel arbitration in another district. 9 U.S.C. § 4; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323, 327 (7th Cir.1995); *Management Recruiters Int'l,* 129 F.3d at 854. Therefore, Plaintiff's claims against Global and Modist will be dismissed without prejudice, and Plaintiff may pursue arbitration in Florida.

■ Finally, the court must consider whether Plaintiff's action in this court against First Atlantic and Lukawski should go forward or be stayed pending Plaintiff's arbitration with Global and Modist. If questions of fact common to all actions in the matter are likely to be settled in arbitration, the district court action should be stayed. *American Home Assurance Co. v. Vecco Concrete Constr. Co., Inc.,* 629 F.2d 961, 964 (4th Cir.1980). Although Plaintiff agrees that the same factual background applies to her claims against all of the Defendants, she asserts that First Atlantic and Lukawski's liability does not depend on the liability of Global and Modist.

---

1. The Fourth Circuit has found that the FAA preempts state laws that single out and burden the ability to form arbitration agreements. *Saturn Distribution Corp. v. Williams,* 905 F.2d 719, 723 (4th Cir.1990).

The outcome of the arbitration between Plaintiff and Global and Modist will not resolve any issues that relate to Plaintiff's claims against First Atlantic and Lukawski with the possible exception of the RICO claim [2] and civil conspiracy claim against Defendants. (Compl.¶¶ 61–66, 68–71). First Atlantic and Lukawski's assertion that "First Atlantic and Global could not have engaged in wrongdoing without each other" is· inaccurate. (First Atlantic and Lukawski's Reply Mem. in Further Support of Mot. to Stay Proceeding at 3). Surely one company could have made negligent misrepresentations without the other doing so. The same can be said for the claims of fraud, breach of fiduciary duty, unjust enrichment, and unfair and deceptive trade practices. This court has no control over the time of arbitration in Florida. Factual issues resolved at arbitration will not resolve any issues relating to Plaintiff's claims against First Atlantic and Lukawski. A stay would not conserve judicial time or resources nor those of the parties. Therefore, First Atlantic and Lukawski's motion to stay will be denied.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to compel arbitration and to transfer venue as to Defendants First Atlantic and Lukawski will be denied. Plaintiff's claims against Global and Modist will be dismissed without prejudice because these claims should be arbitrated in Florida in accordance with the Agreement. Defendants' motion to stay Plaintiff's claim against First Atlantic and Lukawski until completion of Plaintiff's arbitration with Global and Modist will be denied.

**2.** Plaintiff also has separate RICO claims against each company and its president.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendants' motion to compel arbitration [Doc. # 3–1] and transfer [Doc. # 3–2] is **DENIED** as to First Atlantic and Lukawski. Plaintiff's claims against Global and Modist are **DISMISSED** without prejudice, and Defendants First Atlantic and Lukawski's motion to stay [Doc. # 8] is **DENIED**.