FRANK M. GOLDSTEIN, PLAINTIFF v. AMERICAN STEEL SPAN, INC., AND STEVEN S. SHEPHERD INDIVIDUALLY AND D/B/A SHEPHERD STEEL BUILDING SERVICE, DEFENDANTS

No. COA06-80

(Filed 6 February 2007)

**Arbitration and Mediation— arbitration agreement—terms sufficiently clear—forum selection clause**

The terms of an arbitration agreement were sufficiently definite to be enforceable under the normal rules of contract law, using the "gap-fillers" provided in the statutory framework of the Uniform Arbitration Act and the Federal Arbitration Act. The forum designated by the contract, North Dakota, is appropriate because the FAA preempts North Carolina's public policy against arbitration in another state.

Judge McGEE dissenting.

Appeal by defendant from orders and judgment entered 11 August 2005 by Judge Orlando F. Hudson, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 23 August 2006.

*Peake and McRae, P.A., by Thomas R. Peake, II, for the plaintiff-appellee.*

*Hemric, Lambeth, Champion & Moseley, P.A., by W. Phillip Moseley, for defendant-appellant.*

ELMORE, Judge.

On 19 June 2004, Frank M. Goldstein (plaintiff) brought an action against American Steel Span, Inc., a North Dakota corporation[1] (defendant) alleging two counts of breach of contract, negligent design and manufacture, negligent construction, conversion, unjust enrichment, and unfair deceptive trade practices. Defendant filed a motion on 15 April 2005 to stay the proceedings pending arbitration, which the trial court denied in an order filed 11 August 2005. In a second order entered 11 August 2005, the trial court also denied defendant's 15 April 2005 motion to stay plaintiff's motion for summary judgment in order to allow response to plaintiff's first request for admissions, and granted plaintiff's 4 March 2005 motion for summary judgment. Finally, in the second 11 August 2005 order, the trial court entered judgment against defendant in the amount of $32,120.00 plus interest and costs. Defendant appeals from each of these orders and the subsequent judgment. Because we find that the trial court erred in its denial of defendant's motion to stay the proceedings pending arbitration, we reverse and remand with instructions.

On or about 16 June 2003, the parties formed a contract under which plaintiff would purchase two buildings from defendant for the price of $33,840.00. The buildings were to be shipped unassembled to plaintiff, where they would be assembled by an independent contractor. Plaintiff claims to have modified the original contract in July, 2003 by cancelling his order for the second building. Though plaintiff states in his brief that defendant "did not object to the cancellation . . ." defendant denies that the order was cancelled.

The contract to which the parties agreed included a page headed "TERMS AND CONDITIONS," clause ten of which is titled "ARBITRATION." Clause ten states, "All claims, disputes, and other matters in question arising out of or relating to this Agreement of Sale, or breach hereof, shall be submitted to binding arbitration in the City of Fargo, North Dakota." There appear to be fourteen clauses on the page, and defendant signed the page at the top. The entire contract consists of only two pages.

In an order filed 11 August 2005, the trial court denied defendant's 15 April 2005 motion to stay the proceedings pending arbitration. Defendant now assigns error to that denial, contending that the

_____

1. Plaintiff also sued Steven S. Shepherd, individually and d/b/a Shepherd Steel Building Service, who was not served and did not participate further in the proceedings.

GOLDSTEIN v. AMERICAN STEEL SPAN, INC.

[181 N.C. App. 534 (2007)]

arbitration clause was enforceable under the Federal Arbitration Act (FAA) and Uniform Arbitration Act (UAA). We agree. Accordingly, we reverse and remand to the trial court.

The dispositive issue before this Court is whether the arbitration clause in the parties' contract is enforceable. Because the trial court's decision regarding this issue is a judicially determined conclusion of law, our standard on review is *de novo. Sloan Fin. Grp., Inc. v. Beckett,* 159 N.C. App. 470, 477-78, 583 S.E.2d 325, 330 (2003). "As a general matter, public policy favors arbitration. . . . [W]hether a dispute is subject to arbitration is a matter of contract law. Parties to an arbitration must specify clearly the scope and terms of their agreement to arbitrate." *Id.:* (citations omitted). At first blush, it appears that the parties' agreement to arbitrate fails to clearly specify its scope and terms. Indeed, the trial court found and concluded that "the terms of the arbitration clause are too indefinite and left open for future determination to show a meeting of the minds with regard to the purported agreement to arbitrate." As the North Carolina Business Court recently observed, however, "While the arbitration clause does not provide any details on the arbitrator or procedures for arbitration, these omissions are insufficient to strike the arbitration clause." *Polo Ralph Lauren Corp. v. Gulf Ins. Co.,* 2001 NCBC 3, 12, 00 CVS 5440 (2001).[2] As the Business Court noted in *Polo,* questions of arbitration are governed by the UAA, which has been adopted by both the North Carolina and North Dakota legislatures. *Id.;* N.C. Gen. Stat. § 1-567.1 *et seq.* (2000) (repealed); N.D. Cent. Code § 32-29.2-01 to 32-29.2-20 (2000). Because the contract at issue in the present case was executed in June 2003, the former incarnation of the UAA applies. N.C. Gen. Stat. § 1-567.1 *et seq.* (2000) (repealed). Under that version of the UAA, the failure of the parties to designate a process for determining who will arbitrate a dispute is not fatal to the agreement; on the contrary, the UAA contemplates just such an event: "If the arbitration agreement provides a method of appointment of arbitrators, this method shall be followed. In the absence thereof . . . the court on application of a party shall appoint one or more arbitrators." N.C. Gen. Stat. § 1-567.4 (2000) (repealed). The FAA contains a similar provision. *See* 9 U.S.C.S. § 5 (2006) (stating that "if no method be provided [in the agreement] . . . then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the

---

2. The Court notes that the Business Court represents merely persuasive authority. However, we are mindful that the Business Court exists solely to hear complex business cases, and as such are respectful of its opinions.

case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein . . . ."). Through the use of these "gap-fillers," the otherwise fatally vague clause is saved: upon application of either party, an arbitrator may be appointed and that arbitrator would then have final say over the remainder of the process. We decline to offer any opinion on the issue of whether the parties should apply to a North Carolina or North Dakota court for such an appointment.

Plaintiff also argues, and the trial court found and concluded, "that the designation of Fargo, North Dakota as the forum for arbitration is unreasonable under the circumstances and that enforcement of the forum designation would contravene a strong public policy of North Carolina, and would impose grave inconvenience and unfairness upon Plaintiff." It is uncontested that the FAA applies to this case. Because the FAA preempts North Carolina law through the Supremacy Clause of the United States Constitution, thus rendering the forum designation enforceable, we hold that Fargo, North Dakota, as agreed upon in the parties' contract, is the appropriate locale for arbitration.

Plaintiff concedes that the FAA applies to this case, arguing primarily that the contract itself is unenforceable. However, plaintiff also argues that the forum selection clause contravenes North Carolina law and public policy. Plaintiff cites our General Statutes for the proposition that "any provision in a contract entered into in North Carolina that requires . . . the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-3 (2003). As plaintiff acknowledges, however, "the North Carolina statute cannot supercede the Federal Arbitration Act which provides that forum selection clauses are presumed valid." *See* U.S. Const. Art. VI.

Plaintiff cites to several federal cases for the proposition that "a trial court has authority to strike an 'unreasonable' forum selection clause in an otherwise valid arbitration agreement." *See, e.g., The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513 (1972); *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996). However, these cases "addressed a contractual provision which chose a forum for litigation, not for arbitration." *Spring Hope Rockwool, Inc. v. Industrial Clean Air, Inc.*, 504 F. Supp. 1385, 1389 (E.D.N.C. 1981) (specifically discussing the United States Supreme Court's decision in

*The Bremen*). The *Spring Hope* court noted that forum selection clauses in arbitration and litigation are similar, but stated that in the case of arbitration, the courts are bound exclusively by the FAA. *Id.* "Under Section 2 [of the FAA], the arbitration provision must be enforced unless the party seeking to avoid arbitration can prove that the arbitration clause itself was voidable for fraud, coercion, or 'such grounds as exist at law or in equity for the revocation of any contract.' " *Id.* (quoting 9 U.S.C.S. § 2 (2006)). Having already held that the arbitration clause is enforceable, it follows that the forum selection aspect of the clause is also enforceable.

The arbitration clause is governed by the UAA and FAA. Using the "gap-fillers" provided in that statutory framework, the arbitration clause is sufficiently definite to be enforceable under the normal rules of contract law. Furthermore, the FAA preempts North Carolina's statute and public policy regarding forum selection; as such, the forum designated by the contract, North Dakota, is the appropriate forum. Accordingly, we reverse the trial court and remand with instructions to stay the proceedings pending arbitration of the dispute.

Reversed and remanded.

Judge BRYANT concurs.

Judge McGEE dissents by separate opinion.

McGEE, Judge, dissenting.

I respectfully dissent from the majority opinion. In light of violations of the Rules of Appellate Procedure in this case, I feel compelled to vote to dismiss this appeal.

Rule 10(c)(1) of the Rules of Appellate Procedure requires, in part,

> [e]ach assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.

N.C.R. App. P. 10(c)(1). Further, subsection (a) provides that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C.R. App. P. 10(a).

Defendant's second assignment of error reads as follows: "[t]he court's denial of [D]efendant's motion to stay the proceeding and compel arbitration pursuant to the contract on the ground that said arbitration clause was a part of the contract and reasonable under all circumstance." In its brief, Defendant attempts to bring before this Court the following arguments: (1) "Congress has pre-empted matters 'involving commerce' where there is a written contract to arbitrate"; and (2) "State common law on 'forum non conveniens' and N.C.G.S. 22B-3 do not apply to written arbitration agreements involving interstate commerce[.]" Defendant's assignments of error are insufficient to bring these arguments of Defendant properly before this Court. This Court has long held that "[t]he scope of appellate review is limited to the issues presented by assignments of error set out in the record on appeal; where the issue presented in the appellant's brief does not correspond to a proper assignment of error, the matter is not properly considered by the appellate court." *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994). "[B]road, vague, and unspecific" assignments of error do not comply with the Rules of Appellate Procedure. *In re Appeal of Lane Co.*, 153 N.C. App. 119, 123, 571 S.E.2d 224, 226-27 (2002). Nowhere in its assignments of error does Defendant reference preemption or the Federal Arbitration Act. By reaching the merits of this appeal, I believe the majority opinion has created an appeal for Defendant by determining issues not properly before us in contravention of our Supreme Court's mandate in *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005) ("It is not the role of the appellate courts, however, to create an appeal for an appellant.").

In addition to the above violations of Rule 10, Defendant also failed to include a statement of the grounds for appellate review in violation of N.C.R. App. P. 28(b)(4) and failed to include "a concise statement of the applicable standard(s) of review for each question presented" in violation of N.C.R. App. P. 28(b)(6).

For the reasons stated above, I respectfully dissent.