IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-36

Filed 19 November 2025

Cumberland County, No. 22CVS001277-250

EARNHARDT PLUMBING, LLC, Plaintiff,

v.

THOMAS BUILDERS, INC. and THOMAS PROPERTIES OF NORTH CAROLINA, LLC, Defendants.

Appeal by Defendants from Order entered 23 July 2024 by Judge Patrick T. Nadolski in Cumberland County Superior Court. Heard in the Court of Appeals 12 August 2025.

*Troy D. Shelton and James R. Vann for Plaintiff-Appellee.*

*Penn Stuart & Eskridge, P.C., by M. Shaun Lundy, for Defendants-Appellants.*

HAMPSON, Judge.

**Factual and Procedural Background**

Thomas Builders, Inc., and Thomas Properties of North Carolina, LLC, (collectively, Defendants) appeal from an Order requiring them to arbitrate a breach of contract claim brought by Earnhardt Plumbing, LLC, in Cumberland County, North Carolina. The Record before us tends to reflect the following:

Plaintiff entered into a written agreement with Defendants under which Plaintiff agreed to provide and install a plumbing and gas line system for a hotel

Defendants were constructing (the Contract). The Contract included an arbitration clause:

> Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.3, shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation. Claims not resolved by mediation shall be decided by arbitration. Demand for arbitration shall be filed in writing with the other party. A demand for arbitration shall be made within the time limits specified in the conditions of the Prime Contract as applicable, and in other cases within a reasonable time after the claim has arisen, and in no event shall it be made after the date when institution of legal proceedings based on such a claim would be barred by the applicable statute of limitation. The parties shall select the arbitrator by the same procedures set forth in Paragraph 19a for selection of the mediator; provided, however, that such arbitrator must have experience in the construction industry, either as a contractor, design professional, or attorney, and must have had no prior dealings with either party. The Arbitration shall be held at the discretion of the Contractor either at the Contractor's principle [sic] place of business or where the project is located.

On 7 March 2022, Plaintiff filed a Complaint alleging Defendants had failed to pay for the services rendered under the Contract, in the amount of $159,488.50. Defendants moved to dismiss or stay the proceedings under the Contract's arbitration clause. Defendants sought to enforce the arbitration clause and, in particular, require the arbitration take place in Tennessee, where Thomas Builders, Inc., is registered. Plaintiff agreed the Contract required the matter be arbitrated but argued the portion of the provision giving Defendants discretion to choose Tennessee as the

forum for arbitration was unenforceable.

The trial court denied the motion to dismiss and allowed the motion to stay proceedings pending arbitration. It held the provision placing the forum in Tennessee was unenforceable under Section 22B-3 of our General Statutes and that the Federal Arbitration Act (FAA) did not preempt the application of this provision. Accordingly, it ordered arbitration be conducted in North Carolina.

Defendants appealed that decision to this Court. *Earnhardt Plumbing, LLC v. Thomas Buiders, Inc.,* 291 N.C. App 1, 893 S.E.2d 564 (2023). We concluded we could not determine whether the FAA preempts Section 22B-3 in this case because the trial court did not make any findings of fact regarding whether the Contract involves interstate commerce. *Id.* at 6, 893 S.E.2d at 568. We therefore remanded the case to the trial court for findings of fact as to whether the Contract evidences a transaction involving interstate commerce and, based on that fact-finding, to apply the applicable law to the forum-selection clause contained in the Contract. *Id.*

On remand, the trial court found the Contract involves interstate commerce and concluded the FAA preempts Section 22B-3 as applied to the forum-selection clause. However, it additionally determined the Contract's forum-selection clause is permissive, not mandatory, and therefore unenforceable under North Carolina law. It directed the parties to arbitrate the matter in Cumberland County, North Carolina.

Defendants timely filed notice of appeal.

**Appellate Jurisdiction**

The trial court's Order allowing Defendant's Motion to Stay Proceedings is interlocutory and not final in nature. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). "Generally, a party has no right to appeal an interlocutory order." *Cox v. Dina-A-Mate, Inc.,* 129 N.C. App. 773, 775, 501 S.E.2d 353, 354 (1998). However, as we previously held in this case, the trial court's Order denying Defendants their contractual right to select the forum for arbitration affects a substantial right. 291 N.C. App. at 4, 893 S.E.2d at 567. Accordingly, we have jurisdiction to review this matter pursuant to N.C. Gen. Stat. § 7A-27(b)(3)(a) (2023). *Id.*

## Issue

The sole issue on appeal is whether the trial court erred in holding the forum-selection clause to be permissive—not mandatory—and unenforceable under North Carolina law—despite the applicability of the FAA and the language of the clause itself—and ordering the parties to arbitrate in Cumberland County, North Carolina.

## Analysis

Defendants argue the trial court erred in ordering arbitration be held in Cumberland County because the Contract contains a mandatory forum-selection

clause that must be given effect under the Federal Arbitration Act.[1] That clause

provides:

> The Arbitration shall be held at the discretion of
> [Defendants] either at [Defendants'] principle [sic] place of
> business or where the Project is located.

Defendants argue the FAA preempts North Carolina law, which would render this

clause unenforceable insofar as it provides for arbitration outside of North Carolina.

Plaintiff argues the FAA does not apply because the Contract does not involve

interstate commerce and, even if the FAA applied, it would also require arbitration

be conducted in North Carolina. Plaintiff also argues the trial court did not err in

determining the clause is permissive, rather than mandatory, and therefore

unenforceable.

### A. Interstate commerce

As a threshold matter, we must determine if the FAA applies to the Contract.

"The FAA will apply if the contract evidences a transaction involving interstate

commerce." *Hobbs Staffing Servs., Inc. v. Lumbermens Mut. Cas. Co.,* 168 N.C. App.

223, 226, 606 S.E.2d 708, 711 (2005). "This is a question of fact, which an appellate

court should not initially decide." *Id.* When this case initially appeared before us, we

noted the trial court had made no findings of fact regarding whether the contract

---

[1] Plaintiff argues Defendants may not now assert arguments under the FAA because they "did not seek to compel arbitration under the FAA" and instead relied on North Carolina law before the trial court. This is not reflected by the Record. In support of their Motion to Dismiss or Stay Proceedings, Defendants made arguments expressly based in the FAA. There is no indication Defendants waived arguments under the FAA.

evidenced a transaction involving interstate commerce. 291 N.C. App. at 5, 893 S.E.2d at 568. Accordingly, we did not determine if the FAA applied and remanded to the trial court to make the initial factual determinations as to whether the Contract involved interstate commerce. *Id.* at 6, 893 S.E.2d at 568. Plaintiff— apparently as an alternative basis for affirming the trial court[2]—argues the trial court erred in concluding on remand the Contract involved interstate commerce.

The trial court held:

> The Contract involved or affected interstate commerce in that it was a contract between a party domiciled in North Carolina, on the one hand, and Tennessee, on the other.

In support of that conclusion, it found:

> 8. Requests for payment were submitted by the North Carolina Party, [Plaintiff], to the Tennessee Party, [Defendant].

> 9. Employees of [Defendant] traveled to North Carolina in connection with the Contract.

Plaintiff first argues the trial court erred because it did not find there was "substantial" interstate commerce. No such finding is required. Plaintiff's argument appears to stem from preempted precedent. In the past, some courts, including our Supreme Court, determined if a contract was subject to the FAA by examining whether the parties, at the time they entered into the agreement, "contemplated

---

[2] *See generally*, N.C.R. App. P. 10(c) (2025) (permitting an appellee to raise issues that deprived it of an alternative basis in law for supporting the order appealed from without having to notice a separate or cross-appeal).

substantial interstate activity." *Burke Co. Pub. Schs. Bd. of Ed. v. Shaver P'ship*, 303 N.C. 408, 418, 279 S.E.2d 816, 822 (1981) (citations omitted). The United States Supreme Court has rejected this construction, holding the FAA applies if the transaction "in fact involve[s] interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 281, 130 L.Ed.2d 753 (1995). This construction reaches "to the limits of Congress' Commerce Clause power." *Id.* at 270. Thus, the trial court was only required to find facts supporting a conclusion the transaction involved interstate commerce, and it did not err by failing to specifically find the commerce involved was "substantial."

Plaintiff also argues the trial court erred in ruling that the Contract involved interstate commerce because it was "a contract between a party domiciled in North Carolina, on the one hand, and Tennessee, on the other." We agree that mere diversity of parties does not on its own require the conclusion that an agreement involved interstate commerce. *See Burke,* 303 N.C. at 418-19, 279 S.E.2d at 822. However, the trial court also found that requests for payment were made across state lines, and that employees of Defendants traveled across state lines in connection with the Contract.

The FAA does not "require proof by affidavit or other specific evidence of the nexus to interstate commerce." *Maxum Founds., Inc. v. Salus Corp.,* 779 F.2d 974, 978 n.4 (4th Cir. 1985). Where "the party seeking arbitration alleges that the

transaction is within the scope of the Act, and the party opposing application of the Act does not come forward with evidence to rebut jurisdiction under the federal statute," the FAA does not require additional proof of interstate commerce. *Id.* Defendants have alleged the Contract involved interstate commerce, and Plaintiff does not identify any evidence tending to show it did not, except that Plaintiff used only materials from North Carolina and the labor of North Carolina employees. This evidence does not rebut Defendants' allegation because the origins of material and labor involved are not the only factors by which interstate commerce may be evidenced.

Additionally, the connections between the parties are similar to those our courts and federal courts have held sufficient to support a conclusion an agreement involved interstate commerce. *See, e.g.*, *United States ex rel. Red Hawk Contracting v. MSK Constr., Inc.,* No. 1:16-cv-1183, 2018 WL 2121625, at *3 (M.D.N.C. 8 May 2018) (transaction requiring monthly billing from North Carolina corporation to South Carolina corporation and transfer of payment through mail between states involved interstate commerce). *See also Gaylor, Inc. of North Carolina v. Vizor, LLC,* 2015 WL 6659662 (N.C. Bus. Ct. 30 Oct 2015) (payment from Indiana party to North Carolina party and personnel traveling from Indiana to North Carolina project site "clearly evidences a transaction involving interstate commerce"). While these opinions are not controlling upon our decision, they are in accord with the directive of the United States Supreme Court that the FAA be applied "to the limits of

Congress' Commerce Clause power." *Allied-Bruce,* 513 U.S. at 270. Thus, we agree the Contract in this case, which involved payment requests and employees of Defendants traveling across state lines, evidences a transaction involving interstate commerce. The FAA therefore applies to the Contract.

## B. *Enforceability of forum-selection clause*

Plaintiff further argues, even if the FAA applies to the Contract, it does not preempt North Carolina law rendering the forum-selection clause unenforceable. The FAA does not completely preempt state contract law because it does not "reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs.,* 489 U.S. 468, 477, 103 L.Ed.2d 488 (1989). However, when there is a conflict between federal and state law, the Supremacy Clause requires we give effect to federal law. *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 663, 123 L.Ed.2d 387 (1993). *See also DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 64 n.1, 193 L.Ed.2d 365 (2015) (Ginsburg, J., dissenting) ("State laws are preempted by the FAA only to the extent that they conflict with the contracting parties' intent."). The enforceability of a contractual arbitration clause is a judicially determined conclusion of law that we review *de novo. Goldstein v. Am. Steel Span, Inc.,* 181 N.C. App. 534, 536, 640 S.E.2d 740, 742 (2007).

Plaintiff's argument is based in a provision of our General Statutes that renders void forum-selection clauses which require contracting parties to arbitrate disputes outside of the State:

> Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable.

N.C. Gen. Stat. § 22B-3 (2023).

This provision is in conflict with the Federal Arbitration Act. "[The Supreme Court has] held that the FAA pre-empts state laws which 'require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'" *Volt*, 489 U.S. at 478 (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10, 79 L.Ed.2d 1 (1984)). "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp.,* 465 U.S. at 10.

This preemption is in accord with the purpose of the FAA. Congress enacted the FAA in 1925 "in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 179 L.Ed.2d 742 (2011). The Supreme Court of the United States has described the Act as reflecting a "liberal federal policy favoring arbitration," *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 74 L.Ed.2d 765 (1983), and "the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc., v. Jackson,* 561 U.S. 63, 67, 177 L.Ed.2d 403 (2010). The principal purpose of the FAA

is to "ensure that private arbitration agreements are enforced according to their terms[.]" *Volt,* 489 U.S. at 478. The terms of the agreement in this case state that arbitration "shall be held at the discretion of [Defendants] either at [Defendants'] principle [sic] place of business or where the Project is located."

We have previously resolved the conflict between N.C. Gen. Stat. § 22B-3 and this policy, holding when the FAA applies to a contract the forum-selection clause contained in that contract is enforceable even if the forum designation is against the law and public policy of North Carolina. *Goldstein,* 181 N.C. App. at 538, 640 S.E.2d at 743 (designation of Fargo, North Dakota as forum for arbitration enforceable as FAA "preempts North Carolina's statute and public policy regarding forum selection").

Federal courts have likewise held North Carolina law preempted by the FAA when addressing this issue. "[Section 22B-3] falls squarely within the preempted category of state laws as recognized by *Volt*[.]" *U.S. ex rel. TGK Enters., Inc. v. Clayco, Inc.*, 978 F.Supp.2d 540, 549 (E.D.N.C. 2013) (holding as enforceable under FAA agreement requiring parties to arbitrate in Missouri). *See also Aspen Spa Props., LLC v. Int'l Design Concepts, LLC,* 527 F.Supp.2d 469, 473 (2007) (holding plaintiff had correctly conceded FAA preempts Section 22B-3 and accordingly there were "no state-law grounds for revoking the forum-selection clause" placing arbitration in King County, Washington).

Despite this, Plaintiff asserts two arguments disputing preemption, the first

based in Section 4 of the FAA and the second based on the "equal footing" principle. We note that both arguments are generally applicable to the conflict between Section 22B-3 and the FAA and would undermine our holding in *Goldstein*. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2 30, 37 (1989). We briefly address each argument in turn.

Plaintiff first argues there is no conflict between the FAA and State law as each mandates an identical result: that arbitration be conducted in North Carolina. In support of this argument, it cites Section 4 of the FAA, which allows parties to a written arbitration agreement to "petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Under that statute: "The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." *Id.* Plaintiff argues this provision forecloses an interpretation of the forum-selection clause requiring arbitration be conducted in Tennessee, as Tennessee was not the forum of the trial court action in this case.

Plaintiff wholly misinterprets Section 4 of the FAA. Section 4 creates a specific procedure allowing a party to petition a federal district court to compel arbitration when "aggrieved by the alleged failure, neglect, or refusal" of another party to

arbitrate as required by a written agreement. *Id.* Even a cursory reading reveals this statute is unrelated to the state court Order at issue in this case, which resolved Defendants' Motion to Stay Proceedings Pending Arbitration. As an example of the application of this statute, if a party to the Contract in this case refused to arbitrate following the entry of the Order staying proceedings, the opposing party could then under Section 4 file a Petition to Compel Arbitration in a federal district court. The language identified by Plaintiff requires such a Petition be filed in the federal district court located in the forum mandated by the arbitration agreement's forum-selection clause. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323, 327 (7th Cir. 1995). It does not, as Plaintiff argues, relate in any way to the validity or enforceability of the forum-selection clause itself.

Second, Plaintiff argues the "equal footing" principle prevents the FAA from preempting Section 22B-3. The FAA "places arbitration agreements on an equal footing with other contracts." *Rent-A-Center*, 561 U.S. at 67. As such, arbitration agreements are valid and can only revoked "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Agreements to arbitrate may be invalidated by " 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC,* 563 U.S. at 339 (quoting *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687, 134 L.Ed.2d 902 (1996)). For example, a Montana statute invalidated

arbitration clauses in contracts unless notice of the clause was given on the contract's first page. *Casarotto*, 517 U.S. at 681. The Supreme Court held that statute was preempted by the FAA because, rather than being a generally applicable contract defense, the statute "conditions the enforceability of arbitration agreements on compliance with a special notice requirement not applicable to contracts generally." *Casarotto*, 517 U.S. at 687.

Plaintiff argues Section 22B-3 is a "generally applicable contract defense" because it applies to "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state[.]" N.C. Gen. Stat. § 22B-3. The statute applies not only to clauses selecting the forum for arbitration, but for those selecting the forum for litigation as well.

Such an interpretation is directly at odds with the holding of the United States Supreme Court that the FAA preempts state laws which "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland*, 465 U.S. at 10. Plaintiff has identified no authority holding the equal-footing principle prevents the preemption of state law limiting the forum the parties may select for arbitration. This interpretation also conflicts with our own holding in *Goldstein* that the FAA preempts Section 22B-3. 181 N.C. App. at 538, 640 S.E.2d at 743; *Civil Penalty,* 324 N.C. at 384, 379 S.E.2d at 37.

Although Section 22B-3 "explicitly applies to all contracts, it applies to one type

of provision only, forum-selection provisions." *Newman ex rel. Wallace v. First Atl. Res. Corp.,* 170 F.Supp.2d 585, 592 (M.D.N.C. 2001). It is not a general contract defense like "fraud, coercion, lack of consideration" or lack of meeting of the minds. *Id.* (citing *Casarotto*, 517 U.S. at 686-87). Thus, as we have previously held, Section 22B-3 cannot be used to invalidate a forum-selection provision in an arbitration agreement governed by the FAA. Therefore, the arbitration forum-selection clause in the Contract here is enforceable under the FAA notwithstanding Section 22B-3.

### C. *Mandatory and permissive forum-selection clauses*

In addition to directing it determine if the FAA applied to the Contract, our previous decision in this case instructed the trial court to consider whether the forum-selection clause is mandatory or permissive. 291 N.C. App. at 6, n.1, 893 S.E.2d at 568, n.1. The trial court concluded the forum-selection clause was permissive and therefore unenforceable. Defendants argue the forum-selection clause is mandatory and that the trial court erred by ordering arbitration be conducted in North Carolina.[3]

"When a jurisdiction is specified in a provision of a contract, the provision

---

[3] Plaintiff argues the trial court's interpretation of the forum-selection clause should be reviewed for abuse of discretion. Determining the enforceability of a forum-selection clause and whether it is unfair or unreasonable because of circumstances such as fraud or unequal bargaining power is "highly fact-specific" and indeed subject to review for abuse of discretion. *Appliance Sales & Serv., Inc. v. Command Elec. Corp.,* 115 N.C. App. 14, 21-22, 443 S.E.2d 784, 789 (1994). However, in this case Plaintiff does not argue the agreement was unfair or unreasonable or that any factual circumstances otherwise render it unenforceable. The parties only dispute the meaning of the contract clause. "Issues relating to the interpretation of terms in an arbitration clause are matters of law, which this Court reviews *de novo." Epic Games, Inc. v. Murphy-Johnson*, 247 N.C. App. 54, 61-62, 785 S.E.2d 137, 142-43 (2016).

- 15 -

generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive." *Mark Grp. Int'l, Inc., v. Still,* 151 N.C. App. 565, 568, 566 S.E.2d 160, 161 (2002). A clause without such language generally only consents to the jurisdiction of a court, "allow[ing] the parties to air any dispute in that court, without requiring them to do so." *Id.* at 567, 566 S.E.2d at 162 (quoting Leandra Lederman, Note, *Viva Zapata!: Toward a Rational System of Forum–Selection Clause Enforcement in Diversity Cases*, 66 N.Y.U. L.Rev. 422, 423 n. 10 (1991)). For example, a forum-selection clause stating a contract "shall be subject to the . . . jurisdiction of the State of Colorado," without indicating that jurisdiction is "sole" or "exclusive" is permissive, and does not require disputes be resolved in Colorado. *Cable Tel. Servs., Inc. v. Overland Cont., Inc.,* 154 N.C. App. 639, 645, 574 S.E.2d 31, 35 (2002). Likewise, a clause providing "[v]enue for any arbitration, settlement meetings, or any subsequent litigation whatsoever shall be in the city of Contractor's office as shown on page 1 of the Subcontract" is not a mandatory selection clause. *Se. Caissons, LLC v. Choate Const. Co.,* 247 N.C. App. 104, 110, 784 S.E.2d 650, 657 (2016). Mandatory selection clauses "have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive." *Internet East, Inc. v. Duro Commc'ns, Inc.,* 146 N.C. App. 401, 403, 553 S.E.2d 84, 86 (2001) (holding as mandatory clause providing "The parties herewith stipulate that the State courts of North Carolina shall have sole jurisdiction . . . and that venue shall be proper and

shall lie exclusively in the Superior Court of Pitt County, North Carolina"). *See also Appliance Sales & Serv.,* 115 N.C. App. at 23, 443 S.E.2d at 790 (holding as enforceable clause stating "the Courts in Charleston County, South Carolina shall have exclusive jurisdiction and venue").

Here, the forum-selection clause at issue provides "The Arbitration shall be held at the discretion of [Defendants] either at [Defendants'] principle [sic] place of business or where the Project is located." Defendants argue two components of this clause render it mandatory: (1) the "either-or" construction; and (2) the indication that Defendants have discretion to choose the forum for arbitration between the two options provided.

Our courts have not addressed whether an either-or forum-selection clause is permissive or mandatory. Defendants cite to federal caselaw, primarily stemming from a decision of the Southern District of New York. *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71 (1978). In that case, the district court held as enforceable a clause providing all disputes "shall be brought in either San Diego or Los Angeles County." *Id.* at 73. This disjunctive language "mandates more than that a particular court has jurisdiction. The language mandates that the designated courts are the only ones which have jurisdiction." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77-78 (9th Cir. 1987). While not relied upon in subsequent cases, the Ninth Circuit has used the "either-or" construction as an example of a mandatory forum-selection clause. *Id.* (contrasting with permissive forum-selection clause at

issue which stated "the courts of California, County of Orange, shall have jurisdiction over the parties").

The clause in this case also provides the forum for arbitration will be chosen "at the discretion of [Defendants]." The plain meaning of this language gives Defendants the right to select the venue. Federal courts have held as mandatory provisions granting one party to an agreement the right to choose the forum for resolving disputes. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991) (holding clause by which insurer agreed to submit to the jurisdiction "of any court of competent jurisdiction" granted policyholder the right to choose venue and insurer could not remove the case from state court). *See also J&R Multifamily Group, Ltd. v. UBS Real Estate Securities, Inc*, 2019 WL 13218440 (S.D. Texas 20 Feb 2019) ("The language 'at Lender's option' in the forum-selection clause gives Defendants the exclusive right to choose venue."); *Mosing v. Zloop, Inc.,* 2015 WL 1841212 (S.D. Texas 22 April 2015) (clause providing "Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Harris County, State of Texas" was mandatory and enforceable).

While none of these decisions are controlling, we find their reasoning compelling and Plaintiff has identified no caselaw holding otherwise with regard to "either-or" constructions or clauses granting one party the right to choose the forum. Instead, Plaintiff surveys North Carolina decisions to argue a mandatory forum-selection clause must contain a modifier to "shall" such as "only," "solely," or

"exclusively." The rule is not so prescriptive: the clause need only contain words "which indicate that the contracting parties intended to make jurisdiction exclusive." *Cable Tel Servs.,* 154 N.C. App. at 644, 574 S.E.2d at 34-35. Here, the combination of the "either-or" construction and assignment of discretion to select a forum to Defendants makes clear the parties' intent. The plain language of the forum-selection clause demonstrates the parties agreed to give Defendants the right to choose the appropriate forum for arbitration from the identified fora. Defendants may choose between the location of its principal place of business or the site of the project.

Thus, the arbitration forum-selection clause in this case is mandatory and not merely permissive. Therefore, the trial court erred in concluding the forum-selection clause was not enforceable. Consequently, the trial court erred in entering its Order requiring arbitration occur in Cumberland County, North Carolina.

## **Conclusion**

Accordingly, the Order of the trial court is reversed and this matter remanded for entry of an order allowing the parties to pursue arbitration in accordance with the terms of the Contract, including the forum-selection clause.

REVERSED AND REMANDED.

Judges FLOOD and MURRY concur.