**EDDINGS v. SOUTHERN ORTHOPEDIC & MUSCULOSKELETAL ASSOCS.**

[356 N.C. 285 (2002)]

In light of the foregoing, we conclude that respondent's actions constitute conduct in violation of Canons 2A and 3A(1) of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Craig B. Brown, be, and he is hereby censured for willful misconduct and conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

By Order of the Court in Conference, this the 3rd day of October, 2002.

> Butterfield, J.
> For the Court

---

TALLY EDDINGS, M.D. v. SOUTHERN ORTHOPEDIC AND MUSCULOSKELETAL ASSOCIATES, INC.

No. 10A02

(Filed 4 October 2002)

**Arbitration and Mediation— arbitration—employment contract—Federal Arbitration Act—interstate commerce—remand for determination**

A decision of the Court of Appeals that on orthopedic surgeon's employment contract containing an arbitration clause evidenced a transaction involving commerce so that it was governed by the Federal Arbitration Act, and that a claim of fraudulent inducement of the entire contract is thus an issue to be determined by the arbitrator, is reversed for the reasons stated in the dissenting opinion that it is impossible for the appellate court to determine whether the employment contract involved interstate commerce and is within the scope of the Federal Arbitration Act, that the case should be remanded to the trial court for a determination of this issue, and that if the trial court determines that the case does not involve interstate commerce and that state law governs enforcement of the agreement, any allegations of fraud are to be determined by the trial court rather than by arbitration.

SWINSON v. LEJEUNE MOTOR CO.

[356 N.C. 286 (2002)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 147 N.C. App. 375, 555 S.E.2d 649 (2001), reversing and remanding an order entered 30 June 2000 by Downs, J., in Superior Court, Buncombe County. Heard in the Supreme Court 10 September 2002.

*Kelly & Rowe, P.A., by E. Glenn Kelly, for plaintiff-appellant.*

*McGuire, Wood & Bissette, P.A., by T. Douglas Wilson, Jr., for defendant-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.

Justice ORR did not participate in the consideration or decision of this case.

———

DALLAS SWINSON v. LEJEUNE MOTOR COMPANY, INC.

No. 34A02

(Filed 4 October 2002)

**Premises Liability— trip and fall—depression in pavement— obvious defect—contributory negligence**

A decision of the Court of Appeals holding that a jury question was presented on the issue of contributory negligence in an action against an auto dealer by a customer who tripped and fell when she stepped into a depression in the dealer's parking lot while looking for her repaired auto is reversed for the reasons stated in the dissenting opinion that plaintiff was contributorily negligent as a matter of law in failing to discover and avoid an obvious defect.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 147 N.C. App. 610, 557 S.E.2d 112 (2001), reversing a judgment signed 26 August 2000 by Balog, J.,