**HOBBS STAFFING SERVS., INC. v. LUMBERMENS MUT. CAS. CO.**

[168 N.C. App. 223 (2005)]

HOBBS STAFFING SERVICES, INC., Plaintiff v. LUMBERMENS MUTUAL CASUALTY CO., AMERICAN PROTECTION INSURANCE CO., KEMPER CASUALTY INSURANCE CO., Defendants

No. COA03-1420

(Filed 18 January 2005)

### 1. Appeal and Error— appealability—denial of arbitration—substantial right—immediately appealable

An order denying arbitration is immediately appealable.

### 2. Arbitration and Mediation— arbitration clause—inclusive reading

A dispute about the cancellation of an insurance policy fell within the very broad arbitration clause of the policy and must be submitted to an arbitrator for resolution. The trial court erred by giving the policy a narrow reading; the court should grant a motion to arbitrate unless it can be said with confident authority that the arbitration clause cannot be read to include the asserted dispute.

### 3. Appeal and Error— alternative basis to support ruling—cross-assignment of error required

An argument that an arbitration agreement was unconscionable was not properly before the appellate court where plaintiff did not make a cross-assignment of error to present an alternative basis for supporting the trial court's order denying arbitration.

Appeal by plaintiff from judgment entered 26 June 2003 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 26 August 2004.

*Pell & Pell, L.L.P., by Gerald A. Pell, for plaintiff-appellee.*

*Nexsen Pruet Adams Kleemeier, PLLC, by J. Scott Hale; and Cole, Schotz, Meisel, Forman & Leonard, by Michael Stingone, for defendants-appellants.*

STEELMAN, Judge.

Defendants-appellants, Lumbermens Mutual Casualty Co., American Protection Insurance Co., and Kemper Casualty Insurance Co. (collectively known as "Kemper") appeal the trial court's order

granting partial summary judgment in favor of plaintiff, Hobbs Staffing Services, and denying their motion to compel arbitration.

Plaintiff is a staffing organization, which provides temporary employees for other businesses. Plaintiff is incorporated in Tennessee, and has a principal place of business in Guilford County, North Carolina. Defendants are Illinois corporations, in the business of providing insurance coverage. On 15 October 2002, plaintiff and defendants entered into an Insurance Program Agreement (IPA), under the terms of which defendants agreed to provide workers' compensation insurance coverage for plaintiff's employees in North Carolina, Florida, Virginia, and Tennessee. This agreement became effective on 30 September 2002 and contained an arbitration clause. Defendants required plaintiffs to sign and return the IPA within thirty days. The IPA was a pre-printed form prepared by Kemper. Plaintiff's check for the first payment due under the IPA was returned for insufficient funds.

On 5 December 2002, defendants sent plaintiff an email threatening to cancel defendants' insurance. The email stated: "Per our conversation, we are sending out notice of cancellation tomorrow (12/6/2002) for non payment. The effective date of our cancellation will be 12/19. That is 10 days with 3 days mailing time." On 17 December 2002 plaintiff received the formal notice of cancellation from defendants, setting an effective date of cancellation as 27 December 2002. On that same day, plaintiff had Bank of America wire the full amount of all premiums then due, plus the lost escrow deposit to defendants. Defendant received and accepted the wire transfer.

As of 27 December 2002, defendants treated the policy as cancelled and refused to reinstate coverage. Plaintiff filed suit, seeking a preliminary injunction, as well as asserting that the cancellation of its workers' compensation and employers liability insurance coverage was ineffective. On 15 May 2003, the trial court denied plaintiff's motion for preliminary injunction. The next day plaintiff filed a motion for partial summary judgment. On 17 June 2003, defendants filed a motion to dismiss pursuant to Rule 12(b)(1) based on the arbitration clause, and under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. In the alternative, defendants requested that the action be stayed pending arbitration. The trial court granted plaintiff's motion for partial summary judgment and denied defendants' motion to compel arbitration. Defendants appeal.

**HOBBS STAFFING SERVS., INC. v. LUMBERMENS MUT. CAS. CO.**

[168 N.C. App. 223 (2005)]

**[1]** In defendants' first assignment of error, they contend the trial court erred in finding the arbitration agreement was not applicable to the dispute between the parties and denying their motion to compel arbitration.

Initially, we note defendants' appeal is from an interlocutory order. Generally, no right to appeal an interlocutory order exists, except where the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. *Boynton v. ESC Med. Sys., Inc.*, 152 N.C. App. 103, 105-06, 566 S.E.2d 730, 731 (2002). This Court has held " '[t]he right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable.' " *Id.* at 106, 566 S.E.2d at 732 (citations omitted).

**[2]** Whether a dispute is subject to arbitration is an issue for judicial determination. *Id.* The trial court's conclusion that a particular dispute is or is not subject to arbitration is a conclusion of law, and is reviewable by the appellate courts *de novo*. *Sloan Fin. Grp., Inc. v. Beckett*, 159 N.C. App. 470, 478, 583 S.E.2d 325, 330 (2003), *aff'd per curium*, 358 N.C. 146, 593 S.E.2d 583 (2004).

Whether a dispute is subject to arbitration involves a two-part inquiry: "(1) whether the parties had a valid agreement to arbitrate, and also (2) whether 'the specific dispute falls within the substantive scope of that agreement.' " *Id.* (citations omitted).

In its order, the trial court held that "the matters alleged in this action do not come within the scope of the parties' arbitration agreement," and denied defendants' motions to dismiss based on the arbitration clause, or in the alternative, to stay the action pending arbitration. In order to ascertain whether a dispute falls within the scope of the arbitration agreement, "we must look at the language in the agreement, *viz.*, the arbitration clause[.]" *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 23-24, 331 S.E.2d 726, 731 (1985). A presumption in favor of arbitration exists. *Sloan*, 159 N.C. App. at 479, 583 S.E.2d at 331. Any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* at 477, 583 S.E.2d at 329.

In the instant case, the relevant portion of the arbitration clause is as follows:

A. Submission to Arbitration:—In the event of any dispute between Kemper and the Insured with reference to the interpretation, application, formation, enforcement or validity of this

Agreement or any other agreement between them, or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this Agreement, such a dispute . . . shall be submitted to the decision of a board of arbitration . . . .

B. Sole Remedy:—The parties agree that arbitration pursuant to the terms of this Article is the sole remedy for the resolution of disputes between them under this Agreement or any other agreement between them.

Unless it can be said with confident authority that the arbitration clause cannot be read to include the asserted dispute, the court should grant a parties' motion to arbitrate the particular grievance. *Id.* (citing *United Steelworkers v. Warrior & G. Nav. Co.*, 363 U.S. 574, 582-83, 4 L. Ed. 2d 1409, 1417 (1960)). In the instant case, the arbitration clause is written very broadly. The agreement requires that "any dispute" with reference to the "interpretation, application, foundation, enforcement or validity" of the agreement, or any "transaction involved, whether such dispute arises before or after termination of [the] Agreement" shall be submitted to arbitration. A dispute involving the cancellation of a policy for non-compliance with its terms falls within the covered areas of interpretation, application, enforcement, or a transaction. We decline to adopt the trial court's narrow reading of the policy, as it is contrary to the principles of construction previously enunciated by our appellate courts as noted above. This matter must be submitted to the arbitrator for resolution.

**[3]** We note that plaintiff asserts in its brief that the arbitration agreement was unconscionable, and therefore unenforceable. The trial court made no such ruling. Had plaintiff wished to present an alternative basis in law for supporting the trial court's order, it was required to make a cross-assignment of error pursuant to Rule 10(d) of the Rules of Appellate Procedure. In the absence of such an assignment, this question is not properly before this Court.

The parties also argue in their briefs regarding whether the agreement and its arbitration clause are to be construed under the North Carolina Uniform Arbitration Act or the Federal Arbitration Act (FAA). The FAA will apply if the contract evidences a transaction involving interstate commerce. *See Sillins v. Ness*, 164 N.C. App. 755, 757-58, 596 S.E.2d 874, 876 (2004) (citing 9 U.S.C. § 2)). This is a question of fact, which an appellate court should not initially decide. *Eddings v. Southern Orthopedic & Musculoskeletal Assocs. P.A.*, 356

N.C. 285, 569 S.E.2d 645 (2002), (*per curiam*) (adopting dissent of Greene, J., 147 N.C. App. 375, 385, 555 S.E.2d 649, 656 (2001)). This question should be determined by the trial court upon remand. *Id.*

We hold that the trial court erred in denying defendants' motion to compel arbitration and to stay this matter pending arbitration. It was thus improper for the trial court to grant plaintiff's motion for partial summary judgment. In light of our ruling on defendants' first assignment of error, it is unnecessary for this Court to address their second assignment of error. The order of the trial court is vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.

VACATED AND REMANDED.

Judges CALABRIA and ELMORE concur.