HARBOUR POINT HOMEOWNERS' ASS'N, INC. v. DJF ENTERS., INC.

[201 N.C. App. 720 (2010)]

HARBOUR POINT HOMEOWNERS' ASSOCIATION, INC., BY AND THROUGH ITS BOARD OF DIRECTORS, INDIVIDUALLY AND IN ITS REPRESENTATIVE CAPACITY ON BEHALF OF ITS MEMBERS, PLAINTIFF v. DJF ENTERPRISES, INC., FORREST DEVELOPMENT COMPANY, INC., DAVY GROUP CONSTRUCTION, INC., WRANGELL HOMES, INC., HPPI INVESTMENTS, LLC, COASTAL ROOFING COMPANY, INC., GEORGIA-PACIFIC CORPORATION, AND CRAFTMASTER MANUFACTURING, INC., DEFENDANTS

No. COA09-527

(Filed 5 January 2010)

**Appeal and Error— interlocutory orders—order denying arbitration—substantial right not affected**

An appeal from an order denying a motion to compel arbitration was dismissed as interlocutory where the arbitration clause in a warranty agreement was permissive. Defendant would not be deprived of a substantial right absent immediate review.

Appeal by defendant, Georgia-Pacific Corporation, from judgment entered 20 November 2008 by Judge John W. Smith in New Hanover County Superior Court. Heard in the Court of Appeals 1 October 2009.

*Block, Crouch, Keeter, Behm & Sayed, L.L.P., by Auley M. Crouch, III, and Christopher K. Behm, for plaintiff-appellees.*

*Ellis & Winters, L.L.P., by Richard W. Ellis, Matthew W. Sawchak, Stephen D. Feldman, and Andrew S. Chamberlin, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant, Georgia-Pacific Corporation, appeals from the trial court's order denying its motion to compel arbitration and to stay proceedings. We affirm the trial court's order and dismiss defendant's appeal as interlocutory, not affecting a substantial right. *See Boynton v. ESC Med. Sys., Inc.*, 152 N.C. App. 103, 566 S.E.2d 730 (2002).

I. Factual Background

Harbour Point is a subdivision consisting of ninety (90) town-home units located at Carolina Beach, New Hanover County, North Carolina. The subdivision was built between 10 January 2001 and 28 March 2005 by defendant contractors, DJF Enterprises, Inc., Forest Development Company, Inc., Davy Group Construction, Inc., Wrangell Homes, Inc., and HPPI Investments, LLC ("defendant con-

**HARBOUR POINT HOMEOWNERS' ASS'N, INC. v. DJF ENTERS., INC.**

[201 N.C. App. 720 (2010)]

tractors"). During the construction of forty-eight (48) of the Harbour Point Subdivision townhome units, PrimeTrim, an exterior wood trim product designed and manufactured by defendant Georgia Pacific ("Georgia Pacific"),[1] was installed around the windows and doors, and also used as band boards and corner boards.

On 22 February 2008, plaintiff, Harbour Point Homeowner's Association, Inc. ("plaintiff"),[2] filed a complaint against defendants, DJF Enterprises, Inc., Forrest Development Company, Inc., Davy Group Construction, Inc., Wrangell Homes, Inc., HPPI Investments, LLC, Coastal Roofing Company, Inc., Georgia-Pacific Corporation, and Craftmaster Manufacturing, Inc., asserting various causes of action relating to the allegedly defective construction of the Harbour Point Subdivision townhomes. Plaintiff specifically alleged in counts 10 through 13 that Georgia-Pacific's PrimeTrim product was defective and asserted causes of action and claims for relief for (1) breach of express warranties, (2) negligence, and (3) North Carolina Products' Liability pursuant to N.C. Gen. Stat. § 99B-1 (2009).

On 30 October 2008, Georgia-Pacific, based on the language of a "PrimeTrim Thirty Year Limited Warranty," filed a motion to compel arbitration and stay litigation of plaintiff's claims against Georgia-Pacific. Georgia-Pacific's motion was predicated upon the contention that the following language of the "PrimeTrim Thirty Year Limited Warranty" created a binding, mandatory arbitration agreement with plaintiff:

> If a claim under the foregoing warranty is not resolved to the owner's satisfaction, upon the written request of the owner or claimant, Georgia-Pacific agrees to submit any and all disputes relating to the scope, coverage or application of the foregoing warranties, or to the nature or amount of any compensation due hereunder, to binding arbitration under the terms and conditions then in effect of the American Arbitration Association or any successor thereto.
>
> *This warranty states the entire liability of Georgia-Pacific with respect to the product named above, and nothing herein shall*

1. Georgia-Pacific LLC, is the successor in interest to defendant, Georgia-Pacific Corporation, and is a Delaware limited liability corporation with a principal place of business in Georgia.

2. Homeowners within the Harbor Point townhome subdivision assigned all claims and causes of action against defendants to Harbour Point Homeowners' Association, Inc.

*extend the duration of any implied warranties—including implied warranties of merchantability or fitness for a particular person—beyond the duration of said warranties, if any, under applicable state law. Under no circumstances will Georgia-Pacific be liable for incidental or consequential damages arising out of negligence, tort, breach of warranty, contract, strict liability, or any other basis. All such damages are specifically excluded herein.*

Plaintiff contends that it did not consent to arbitration via any "PrimeTrim Thirty Year Limited Warranty" or, in the alternative, even if an arbitration clause was contained in the warranty, the alleged arbitration clause was permissive and compellable only at the owner's request. Georgia-Pacific concedes that the language of the arbitration agreement could be ambiguous; however, it avers that any ambiguity should be resolved in favor of Georgia-Pacific by reading the italicized language in the paragraph immediately succeeding the arbitration clause in tandem with the language of the clause.

Prior to ruling on the motion, the trial court reviewed twenty-five (25) affidavits of Harbour Point townhome owners, stating that they did not receive a "PrimeTrim Thirty Year Limited Warranty" and were not aware of an arbitration clause. Moreover, Harbour Point Homeowners' Association, through an affidavit of then President of its Board of Directors, Robert J. Schladensky, stated that it did not enter into negotiations obligating the parties to resolve disputes via arbitration with defendants DJF Enterprises, Inc., Wrangell Homes, Inc., or Georgia-Pacific.

On 20 November 2008, the trial court entered an order denying Georgia-Pacific's motion to compel arbitration and to stay litigation of certain claims citing numerous justifications for its holding. The trial court concluded that the arbitration clause contained in the "PrimeTrim Thirty Year Limited Warranty" explicitly gives a purchaser or subsequent owner like the plaintiff complete control over whether an issue arising under the agreement will be arbitrated; therefore, plaintiff cannot be compelled to arbitrate pursuant to the language of the warranty. The court found that "the italicized paragraph read in tandem with the arbitration clause leaves only a unilateral statement of consent by Georgia-Pacific that it agrees to submit to arbitration if, and only if, it is requested by Plaintiff in writing for a breach of the foregoing warranties."

The court noted that, although plaintiff's complaint drafted prior to discovery in good faith refers to a "Thirty Year Limited Warranty,"

it appears that some of the Harbour Point townhomes were constructed using PrimeTrim prior to the May 2003 drafting of the "Thirty Year Limited Warranty." Furthermore, the trial court explained that Georgia-Pacific "failed to show that any Harbour Point homeowner ever received a copy of the Thirty Year Limited Warranty, signed any document that acknowledged receipt of the Thirty Year Limited Warranty, was otherwise aware of its provisions at the time of the construction and/or purchase of their individual townhouses at Harbour Point, or any other evidence demonstrating that there was a valid arbitration agreement between Georgia-Pacific and one or more of the Harbour Point homeowners." Finally, the court concluded that Georgia-Pacific failed to show that plaintiff, or anyone through whom it is making its claims, knowingly agreed to the terms of arbitration; thus there was no meeting of the minds between the parties.

On 25 November 2008, Georgia-Pacific filed notice of appeal of the trial court's order.

## II. Interlocutory Appeal

Georgia-Pacific contends that the trial court erred in determining that the arbitration clause is permissive and does not give Georgia-Pacific the right to compel plaintiff to arbitrate.

We note that Georgia-Pacific's appeal is from an interlocutory order. Generally, there is no right to appeal an interlocutory order, unless the trial court's decision affects a substantial right of the appellant which would be lost absent immediate review. *Boynton*, 152 N.C. App. at 105-06, 566 S.E.2d at 731 (2002). Our court has long held that " ' "[t]he right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable." ' " *Hobbs Staffing Serv., Inc. v. Lumbermens Mut. Cas. Co.*, 168 N.C. App. 223, 225, 606 S.E.2d 708, 710 (2005) (quoting *Boynton v. ESC Med. Sys., Inc.*, 152 N.C. App. 103, 106, 566 S.E.2d 730, 732 (2002)).

"Whether a dispute is subject to arbitration is an issue for judicial determination." *Id.* Our review of the trial court's determination is de novo. *Id.* Pursuant to this standard of review,

> "[t]he trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary. Accordingly, upon appellate review, we must determine whether there is evidence in the

record supporting the trial court's findings of fact and if so, whether these findings of fact in turn support the conclusion that there was no agreement to arbitrate."

*Pressler v. Duke University*, —— N.C. App. ——, ——, S.E.2d ——, —— (2009) WL 2783756 2009 (quoting *Sciolino v. TD Waterhouse Investor Servs., Inc.*, 149 N.C. App. 642, 645, 562 S.E.2d 64, 66 (2002)).

A two-part analysis must be employed by the court when determining whether a dispute is subject to arbitration: " '(1) whether the parties had a valid agreement to arbitrate, and also (2) whether 'the specific dispute falls within the substantive scope of that agreement.' " *Id.*

" 'The law of contracts governs the issue of whether there exists an agreement to arbitrate. Accordingly, the party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes.' " *D & R Const. Co., Inc. v. Blanchard's Grove*, —— N.C. App. ——, ——, 667 S.E.2d 305, 307 (2008) (citation omitted).

In its order, the trial court held that the language of the arbitration clause within the "PrimeTrim Thirty Year Limited Warranty" was permissive and binding only if plaintiff requests to arbitrate in writing. Moreover, based on its review of the twenty-five affidavits submitted by Harbour Point homeowners, the trial court noted that Georgia-Pacific failed to show that plaintiff was aware of an obligation to arbitrate. The court concluded there was no evidence on record that "Plaintiff or anyone through whom it is making its claims knowingly agreed to the terms of arbitration" and, as such, there was "no meeting of the minds between the parties."

Our review of the record indicates that there is competent evidence to support the trial court's finding that the PrimeTrim warranty's arbitration clause is permissive, not mandatory. In pertinent part, the arbitration clause provides the following:

If a claim under the foregoing warranty is not resolved to the owner's satisfaction, upon the written request of the owner or claimant, Georgia-Pacific agrees to submit any and all disputes relating to the scope, coverage or application of the foregoing warranties, or to the nature or amount of any compensation due hereunder, to binding arbitration under the terms and conditions then in effect of the American Arbitration Association or any successor thereto.

Without reaching the issue of whether plaintiff received notice of an arbitration clause, we note that the underlined portion of the arbitration agreement clearly establishes that only the "owner" may elect arbitration by written request. Pursuant to well settled contract law principles, the language of the arbitration clause should be strictly construed against the drafter of the clause. *See Edwards v. Insurance Co.*, 173 N.C. 614, 92 S.E. 695 (1917); *Contracting Co. v. Ports Authority*, 284 N.C. 732, 202 S.E.2d 473 (1974); *Novacare Orthotics & Prosthetics E., Inc. v. Speelman*, 137 N.C. App. 471, 528 S.E.2d 918 (2000). As such, based on the language drafted by Georgia-Pacific, Georgia-Pacific does not have a right to compel plaintiff to submit to arbitration.

Accordingly, we hold that Georgia-Pacific's appeal is interlocutory due to the permissive language of the PrimeTrim arbitration clause. We conclude that defendant would not be deprived of a substantial right which would be lost absent immediate review by withstanding a trial on the merits. The trial court's order denying Georgia-Pacific's motion to compel arbitration is affirmed and defendant's appeal is dismissed.

Affirmed.

Judges STEPHENS and BEASLEY concur.