STATE OF NORTH CAROLINA v. TIFFANY MICHELLE BOWLIN

No. COA09-1379

(Filed 18 May 2010)

**Sexual Offenders— satellite-based monitoring—does not violate prohibition against ex post facto laws**

The trial court did not err by ordering defendant to enroll in lifetime satellite-based monitoring for her convictions of indecent liberties with a child. Even though the crimes were commit-

STATE v. BOWLIN

[204 N.C. App. 206 (2010)]

ted before the effective date of N.C.G.S. § 14-208.40B, the application of this statute does not violate the constitutional prohibition against *ex post facto* laws.

Appeal by defendant from order dated 23 April 2009 by Judge Judson D. Deramus, Jr., in Wilkes County Superior Court. Heard in the Court of Appeals 24 March 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Oliver G. Wheeler, IV, for the State.*

*William D. Auman for defendant-appellant.*

BRYANT, Judge.

On 22 September 2004, defendant Tiffany Michelle Bowlin was convicted of two counts of indecent liberties with a child. The trial court sentenced defendant to two suspended terms of eighteen to twenty-two months in the North Carolina Department of Correction. The trial court also ordered defendant to a forty-eight-month term of supervised probation and to register as a sex offender. On 20 April 2009, the trial court held a hearing pursuant to N.C. Gen. Stat. § 14-208.40B and ordered that defendant enroll in satellite-based monitoring for the rest of her life. Defendant appeals, contending that the application of section 14-2-208.40B to her violates the constitutional prohibition against *ex post facto* laws. As discussed below, we affirm.

*Facts*

At the hearing pursuant to section 14-208.40B, the trial court found that defendant's offense was aggravated because it involved penetration. Defendant had stipulated to this fact at her original trial in 2004. At the hearing and on appeal, defendant does not contest the facts of the underlying case and acknowledges that these facts are sufficient under section 14-208.40B to subject her to satellite-based monitoring.

---

On appeal, defendant presents a single argument: the trial court erred in ordering her to enroll in lifetime satellite-based monitoring because she committed the reportable offense prior to the effective date of N.C.G.S. § 14-208.40B. As discussed below, we disagree and affirm the order of the trial court.

*Analysis*

Defendant contends that because she committed the reportable offense prior to the effective date of N.C.G.S. § 14-208.40B, the application of this statute to her violates the constitutional prohibition against *ex post facto* laws. We disagree.

Defendant acknowledges that a prior panel of this Court has already rejected this argument in *State v. Bare,* —— N.C. App. ——, 677 S.E.2d 518 (2009). We are bound by that determination. *In re Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (stating that, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Defendant contends, however, that the record before this Court in her case differs from that in *Bare.* Specifically, defendant draws our attention to the North Carolina Department of Correction's "Sex Offender Management Interim Policy" which was not part of the record in *Bare.* This policy is also not part of the record in the instant case, but defendant asks this Court to take judicial notice of it. However, as defendant notes in her brief, another panel of this Court has rejected the identical argument she now advances in *State v. Vogt,* —— N.C. App. ——, 685 S.E.2d 23 (2009). In *Vogt,* we stated:

> Although we do not dispute the Court's authority to judicially notice the interim guidelines, *State ex rel. Utilities Commission v. Southern Bell Telephone and Telegraph Co.,* 289 N.C. 286, 288, 221 S.E.2d 322, 323 (1976), we are not persuaded that we should exercise our discretion to do so given that the parties did not bring these guidelines to our attention or discuss them in their briefs. N.C. Gen. Stat. § 8C-1, Rules 201(c) and (f). A decision to judicially notice the interim guidelines in this case does not simply have the effect of filling a gap in the record or supplying a missing, essentially undisputed fact; instead, judicially noticing the interim guidelines in this case introduces a large volume of additional information which has not been subjected to adversarial testing in the trial courts. In the absence of a full and thorough discussion of the contents and implications of these documents by the parties and in view of their interim nature, we are concerned about basing a decision of the nature suggested by the dissent upon them, since acting in that fashion might well put this Court in the position of a trier of fact, a role that we are not sup-

posed to occupy. *Hobbs Staffing Servs., Inc. v. Lumbermens Mut. Cas. Co.*, 168 N.C. App. 223, 226, 606 S.E.2d 708, 711 (2005) (stating that an appellate court should not initially decide questions of fact).

*Id.* at ——, 685 S.E.2d at 26. The panel in *Vogt* went on to state that, even were the policies judicially noticed, "we are not persuaded that they constitute a material difference between the record in this case and that before the Court in *Bare.*" *Id.* at ——, 685 S.E.2d at 26-27. We are bound by *Vogt* as well as by *Bare,* and defendant presents no additional material in the record nor arguments in her brief. *See In re Appeal from Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37. The trial court did not err in entering the order.

Affirmed.

Judges STEELMAN and BEASLEY concur.