EMMANUEL AFRICAN METHODIST EPISCOPAL CHURCH, AN UNINCORPORATED ASSOCIATION, PLAINTIFF v. REYNOLDS CONSTRUCTION COMPANY, INC., AND LEROY REYNOLDS, DEFENDANTS

No. COA11-498

(Filed 15 November 2011)

**1. Appeal and Error—interlocutory orders and appeals—denial of arbitration—interlocutory—substantial right**

An order denying a motion to arbitrate was interlocutory but immediately appealable because it involved a substantial right that would be lost if review was delayed.

**2. Arbitration and Mediation—erroneous denial of arbitration—plain language of contract**

The trial court erred by denying defendants' motion to compel arbitration of a construction dispute where plaintiff argued that the contracts simply provided arbitration as one option for dispute resolution. Both contracts contained plain and simple language that disputes be resolved by arbitration; moreover, a reasonable interpretation of the contract language was to require the parties to always first engage in mediation, then to proceed to arbitration unless all of the parties agreed to a waiver. There was no mutual agreement to waive arbitration in this case.

EMMANUEL AFRICAN METHODIST EPISCOPAL CHURCH v. REYNOLDS CONSTR. CO., INC.

[217 N.C. App. 176 (2011)]

Appeal by defendants from order entered 14 September 2010 by Judge Abraham Penn Jones in Durham County Superior Court. Heard in the Court of Appeals 25 October 2011.

*Perry, Perry, & Perry, P.A., by Robert T. Perry, for plaintiff-appellee.*

*Smith Debnam Narron Drake Saintsing & Myers, L.L.P., by Byron L. Saintsing and John M. Sperati, for defendant-appellants.*

CALABRIA, Judge.

Reynolds Construction Company, Inc. ("RCC") and Leroy Reynolds ("Reynolds") (collectively "defendants") appeal from the trial court's order denying defendants' motion to compel arbitration of claims brought against them by Emmanuel African Methodist Episcopal Church ("plaintiff"). We reverse and remand.

## I. Background

In November 2006, plaintiff entered into a contract with RCC whereby RCC would act as general contractor for the construction of plaintiff's "New Sanctuary & Fellowship Hall" ("the construction contract"). Plaintiff separately contracted with Reynolds to act as architect for the construction ("the architect contract") (collectively "the contracts" or "both contracts").

After construction was completed, plaintiff became dissatisfied over perceived defects and requested that defendants correct them. The parties were unable to resolve this dispute. As a result, plaintiff initiated an action against defendants based upon both contracts in Durham County Superior Court on 17 December 2009. After the action was initiated, the parties unsuccessfully attempted to mediate plaintiff's claims.

In response to plaintiff's complaint, defendants jointly filed "Motions to Dismiss or in the Alternative Motions to Compel Arbitration and Stay Proceedings Pending Arbitration." After a hearing, the trial court entered an order denying all of defendants' motions on 14 September 2010. Defendants appeal the portion of the trial court's order denying their motion to compel arbitration.[1]

---

1. Defendants did not attempt to appeal from the remainder of the trial court's order, which denied their motions to dismiss.

178	IN THE COURT OF APPEALS

EMMANUEL AFRICAN METHODIST EPISCOPAL CHURCH v. REYNOLDS CONSTR. CO., INC.

[217 N.C. App. 176 (2011)]

## II.  Interlocutory Appeal

**[1]**  As an initial matter, we note that defendants appeal from an interlocutory order. Interlocutory orders are not typically appealable unless the order affects a substantial right. *See Harbour Point Homeowners' Ass'n, Inc. v. DJF Enters., Inc.*, 201 N.C. App. 720, 723, 688 S.E.2d 47, 50 (2010). However, "[o]ur court has long held that [t]he right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable." *Id.* (internal quotations and citation omitted). Thus, defendants' appeal is properly before this Court.

## III.  Arbitration Clauses

**[2]**  Defendants argue that the trial court erred by denying their motion to compel arbitration. Specifically, defendants contend that the trial court erroneously failed to enforce the arbitration clauses of the contracts. We agree.

> The question of whether a dispute is subject to arbitration is an issue for judicial determination. A trial court's conclusion as to whether a particular dispute is subject to arbitration is a conclusion of law, reviewable *de novo* by the appellate court. [The determination of] [w]hether a dispute is subject to arbitration involves a two pronged analysis; the court must ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement.

*Pressler v. Duke Univ.*, 199 N.C. App. 586, 590, 685 S.E.2d 6, 9 (2009) (internal quotations and citation omitted). In the instant case, the parties' dispute only involves the first prong of the arbitration analysis, whether plaintiff, RCC, and Reynolds had valid agreements to arbitrate pursuant to both contracts.

"[W]hether a dispute is subject to arbitration is a matter of contract law. Parties to an arbitration must specify clearly the scope and terms of their agreement to arbitrate. Moreover, a party cannot be forced to submit to arbitration of any dispute unless he has agreed to do so." *Sloan Fin. Grp., Inc. v. Beckett*, 159 N.C. App. 470, 478, 583 S.E.2d 325, 330 (2003) (internal citations omitted). "The party seeking arbitration bears the burden of proving the parties mutually agreed to the arbitration provision." *King v. Owen*, 166 N.C. App. 246, 248, 601 S.E.2d 326, 327 (2004).

EMMANUEL AFRICAN METHODIST EPISCOPAL CHURCH v. REYNOLDS CONSTR. CO., INC.

[217 N.C. App. 176 (2011)]

Defendants contend that both contracts included clear provisions requiring plaintiff to arbitrate its claims. Defendants cite Paragraph 7.2.1 of the architect contract, which states: "Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with Paragraph 7.1." Defendants also cite a similar arbitration provision in Paragraph 9.10.4 of the construction contract: "Claims, disputes, and other matters in question arising out of or relating to the Contract that are not resolved by mediation . . . shall be decided by arbitration . . . ." Thus, defendants are correct that the contracts both included plain and unambiguous language that the vast majority of disputes shall be resolved by arbitration.

Plaintiff argues that these arbitration clauses should not be controlling. Rather, plaintiff cites portions of each of the contracts which it believes indicate that arbitration is simply one option by which the parties may proceed through a dispute resolution. First, plaintiff cites Paragraph 7.1.1 of the architect contract, which states: "Any claim, dispute or other matters in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party." Plaintiff also cites Article 9.10.3 of the construction contract, which states, in relevant part:

> The parties shall endeavor to resolve their disputes by mediation . . . . . . . The request [for mediation] may be made concurrently with filing of a demand for arbitration but in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings . . . .

Plaintiff contends that the language in each contract referring to possible "legal or equitable proceedings" should be interpreted as giving each party a choice, after mediation has been unsuccessful, to either resolve disputes via arbitration or via the courts. However, interpreting the contracts in this manner would invalidate the plain language of the arbitration clauses of the contracts, which is not permitted by our relevant rules of contract interpretation.

> It is well settled that a contract is construed as a whole. The intention of the parties is gleaned from the entire instrument and not from detached portions. Individual clauses are to be considered in context. All parts of the contract will be given effect if possible. This Court has long acknowledged that an interpreta-

EMMANUEL AFRICAN METHODIST EPISCOPAL CHURCH v. REYNOLDS CONSTR. CO., INC.

[217 N.C. App. 176 (2011)]

tion which gives a reasonable meaning to all provisions of a contract will be preferred to one which leaves a portion of the writing useless or superfluous.

*International Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 316, 385 S.E.2d 553, 555-56 (1989)(citations omitted).

In the instant case, both contracts contain plain and unambiguous language that the claims, disputes, and other matters related to the respective contracts shall be resolved by arbitration, and our interpretation of these contracts must be guided by this clear language. *See Johnston County v. R. N. Rouse & Co.*, 331 N.C. 88, 95, 414 S.E.2d 30, 34 (1992)("[T]he courts must give effect to the plain and unambiguous language of a contract."). Thus, we interpret both contracts to require arbitration of disputes if demanded by one of the parties to the contract.

Plaintiff's contrary interpretation is impermissible because it would render the mandatory arbitration clauses in the contracts superfluous. *International Paper*, 96 N.C. App. at 316, 385 S.E.2d at 556. Moreover, there is another reasonable way to interpret the contracts while still giving effect to the mandatory arbitration provisions. North Carolina law permits *all parties to a contract* to waive agreements to arbitrate and instead seek relief in the courts. *See Hargett v. Delisle*, 229 N.C. 384, 385, 49 S.E.2d 739, 739 (1948). The references to "legal or equitable proceedings" in the mediation portions of the contracts can thus be interpreted to maintain mediation as a condition precedent to legal or equitable proceedings in those circumstances in which both parties mutually agree to waive arbitration. *See Auchter Co. v. Zagloul*, 949 So.2d 1189, 1194-95 (Fla.App. 1 Dist. 2007)(interpreting similar contractual language in the same fashion). In other words, the language relied on by plaintiff simply requires the parties to always first engage in mediation when a dispute arises from the contracts. After mediation, the parties could proceed to arbitration, but if all the parties agreed to waive arbitration, then the option of other legal or equitable proceedings was available.

In the instant case, since there was no mutual agreement by the parties to waive arbitration, the option of "legal or equitable proceedings" referenced in the contracts was not available to plaintiff. Instead, under the plain language of the contracts, plaintiff's disputes with defendants shall be resolved by arbitration. Consequently, the trial court erred in denying defendants' motion to compel arbitration.

### IV. Conclusion

Plaintiff's interpretation of the contracts, which treats arbitration as simply one option by which to resolve disputes, fails to give effect to the plain language of the arbitration provisions in the contracts and must be rejected. The respective contracts between plaintiff and defendants, properly interpreted, each contained valid agreements to arbitrate. Accordingly, the trial court erred by denying defendants' motion to compel arbitration. We reverse the trial court's order and remand the case for the entry of an order compelling arbitration between plaintiff and defendants.

Reversed and remanded.

Judges McGEE and HUNTER, Robert C. concur.