IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-228

Filed 17 October 2023

Cumberland County, No. 22-CVS-1277

EARNHARDT PLUMBING, LLC., Plaintiff,

v.

THOMAS BUILDERS, INC. and THOMAS PROPERTIES OF NORTH CAROLINA, LLC., Defendants.

Appeal by Defendants from Order entered 17 November 2022 by Judge Patrick T. Nadolski in Cumberland County Superior Court. Heard in the Court of Appeals 23 August 2023.

*Vann Attorneys, PLLC, by James R. Vann, for Plaintiff-Appellee.*

*Penn Stuart & Eskridge, P.C., by M. Shaun Lundy, for Defendant-Appellants.*

HAMPSON, Judge.

**Factual and Procedural Background**

Thomas Builders, Inc. (Thomas Builders) and Thomas Properties of North Carolina (Thomas Properties) (collectively, Defendants) appeal from an Order, which compelled Earnhardt Plumbing, LLC (Plaintiff) to arbitrate its claims, but denied Defendants' request to compel enforcement of a contractual provision allowing them to require arbitration take place in Tennessee. The Record before us tends to reflect the following:

Plaintiff is a North Carolina limited liability company. Thomas Builders is a Tennessee corporation and maintains a registered office in Wake County, North Carolina. Thomas Properties is a North Carolina limited liability company. Plaintiff entered into a contract with Defendants to provide services related to the construction of a Tru by Hilton hotel at a property owned by Thomas Properties in Fayetteville, North Carolina (the Contract). Under the Contract, Plaintiff agreed to provide and install plumbing and gas line systems for the hotel. Plaintiff alleges Thomas Builders accepted Plaintiff's performance without complaint and has breached the Contract by failing to pay Plaintiff in full for services rendered under the Contract. Specifically, Plaintiff alleges that it is owed $159,588.50 under the Contract.

Paragraph 20b of the Contract provides claims arising "out of or related to this Subcontract . . . shall be subject to arbitration." Further, "[t]he Arbitration shall be held at the discretion of the Contractor either at Contractor's principle [sic] place of business or where the Project is located."

Plaintiff filed a Complaint on 7 March 2022. On 5 May 2022, Defendants filed a Pre-Answer Motion to Dismiss or in the alternative to Stay Proceedings Pending Mediation and/or Arbitration. The trial court heard arguments on Defendants' Motion on 1 November 2022. The focus of the parties' arguments during this hearing was not whether the matter should be arbitrated, but rather whether Defendants could require arbitration take place in Tennessee under the terms of the Contract permitting "[t]he Arbitration shall be held at the discretion of the Contractor either

at Contractor's principle [sic] place of business or where the Project is located."

On 17 November 2022, the trial court entered its Order Denying Defendants' Motion to Dismiss and Granting Defendants' Alternative Motion to Stay Proceedings Pending Arbitration. The Order stayed judicial proceedings for six months to allow the parties to arbitrate the dispute. However, while the trial court concluded the parties' Contract included a valid arbitration agreement, the trial court further concluded the provision allowing Defendants to require Tennessee be the forum for arbitration was unenforceable under N.C. Gen. Stat. § 22B-3, which provides: "any provision in a contract entered into in North Carolina that requires . . . the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-3 (2021). The trial court further concluded the Federal Arbitration Act (FAA) did not preempt the application of N.C. Gen. Stat. § 22B-3. In its decree, the trial court ordered the arbitration "shall be conducted in the State of North Carolina." Defendants filed Notice of Appeal from the trial court's Order on 28 November 2022.

## **Appellate Jurisdiction**

As Defendants acknowledge, the trial court's Order is interlocutory and not final in nature. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). "Generally, a party has no right to

- 3 -

appeal an interlocutory order." *Cox v. Dine-A-Mate, Inc.*, 129 N.C. App. 773, 775, 501 S.E.2d 353, 354 (1998).

However, under N.C. Gen. Stat. § 7A-27(b)(3)(a), an interlocutory order may be appealed as of right if it "[a]ffects a substantial right." N.C. Gen. Stat. § 7A-27(b)(3)(a) (2021). "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation and quotation marks omitted). As such, "an appeal is permitted . . . if the trial court's decision deprives the appellant of a substantial right would be lost absent immediate review." *Cox*, 129 N.C. App. at 775, 501 S.E.2d at 354 (citation and quotation marks omitted).

"[A]n order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Prime S. Homes, Inc. v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991); *see also Gay v. Saber Healthcare Grp., LLC.*, 271 N.C. App. 1, 5, 842 S.E.2d 635, 638 (2020). Likewise, orders addressing the validity of a forum-selection clause also affect a substantial right. *US Chem. Storage, LLC v. Berto Constr., Inc.*, 253 N.C. App. 378, 381, 800 S.E.2d 716, 719 (2017).

Here, Defendants contend the trial court's Order affects a substantial right because it deprives them of their contractual right to select the forum for arbitration. We agree with Defendants that this is a right which "might be lost, prejudiced, or

- 4 -

inadequately preserved in the absence of an immediate appeal" from the Order. *Clements v. Clements ex rel. Craige*, 219 N.C. App. 581, 584, 725 S.E.2d 373, 376 (2012) (quotation marks omitted).

Thus, the trial court's Order affects a substantial right. Therefore, Defendants have a right of appeal from the trial court's interlocutory Order. Consequently, this Court has jurisdiction to review this matter pursuant to N.C. Gen. Stat. § 7A-27(b)(3).

## Issue

The dispositive issue is whether the trial court properly concluded the FAA did not preempt N.C. Gen. Stat. § 22B-3 in this case and that the forum-selection clause in the arbitration agreement was unenforceable under North Carolina law.

## Analysis

"[W]hether a particular dispute is subject to arbitration is a conclusion of law, reviewable *de novo* by the appellate court." *Epic Games, Inc. v. Murphy-Johnson*, 247 N.C. App. 54, 61, 785 S.E.2d 137, 142 (2016) (quoting *Carter v. TD Ameritrade Holding Corp.*, 218 N.C. App. 222, 226, 721 S.E.2d, 256, 260 (2012)). Likewise, "[i]ssues relating to the interpretation of terms in an arbitration clause are matters of law, which this Court reviews *de novo*." *Id.* at 61-62, 785 S.E.2d at 142-43.

Here, Defendants contend the trial court erred in failing to enforce the forum-selection clause of the arbitration agreement in the parties' Contract. Defendants argue, presuming N.C. Gen. Stat. § 22B-3 applies to void the forum-selection clause, the FAA preempts state law in this instance because the Contract necessarily

involves interstate commerce—allegedly arising from Plaintiff's dealings under the Contract with Thomas Builders, a Tennessee company. Thus, Defendants posit the arbitration clause and its forum-selection clause fall within the purview of the FAA.

Under the FAA,

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4 [of the FAA].

9 U.S.C. § 2 (2022). In relevant part to this case, the FAA defines "commerce" as "commerce among the several States[.]" 9 U.S.C. § 1 (2022).

N.C. Gen. Stat. § 22B-3 provides: "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-3 (2021). However, when the contract at issue involves commerce among the States, "the FAA preempts North Carolina's statute and public policy regarding forum selection." *Goldstein v. Am. Steel Span, Inc.*, 181 N.C. App. 534, 538, 640 S.E.2d 740, 743 (2007).

"The FAA will apply if the contract evidences a transaction involving interstate commerce." *Hobbs Staffing Servs., Inc. v. Lumbermens Mut. Cas. Co.*, 168 N.C. App. 223, 226, 606 S.E.2d 708, 711 (2005). Whether a contract evidences a transaction

involving interstate commerce is a question of fact, which an appellate court should not initially decide. *Id*.

In this case, the trial court concluded "[t]he Federal Arbitration Act does not preempt the applicable North Carolina law." However, the trial court made no findings of fact to support that conclusion. The only facts the trial court found were that there was a valid arbitration agreement and that the dispute in this case falls within the substantive scope of the parties' agreement. Specifically, the trial court made no findings as to whether the parties' Contract evidences a transaction involving interstate commerce.

Thus, without additional findings of fact, we cannot evaluate the underlying question of whether the FAA applies in this case. Therefore, we cannot properly consider the trial court's ruling that the FAA does not preempt applicable North Carolina law. Consequently, we must remand the case to the trial court to make findings of fact as to whether the Contract at issue evidences a transaction involving interstate commerce—or not—and, based on its fact-finding, apply the applicable law to the forum-selection clause in the arbitration agreement contained in the parties' Contract.[1]

---

[1] There is another related issue which we do not reach in this case, but which may become relevant to the trial court's analysis on remand: whether the forum-selection clause is mandatory or permissive. At the hearing on Defendant's Motion below, the trial court aptly picked up on this issue; however, the trial court's Order does not address the issue, because it was, ultimately, not relevant to its legal analysis. On remand, however, should the trial court deem that issue necessary to its analysis, the trial court is certainly free to revisit it.

## Conclusion

Accordingly, for the foregoing reasons, we vacate and remand this case to the trial court for additional findings of fact as to whether the Contract evidences a transaction involving interstate commerce and whether the Federal Arbitration Act applies to the Contract. The trial court should then apply the applicable federal or state law to the arbitration provision of the Contract.

VACATED AND REMANDED.

Judges MURPHY and WOOD concur.